REQUESTED BY: Michael J. Murphy, York County Attorney.
May the county expend county road funds to hard surface a segment of road which is entirely within the city limits of a first-class city?
May the county expend county road funds to hard surface the entire width of a road upon the city limits boundary line, one-half of which is in the city limits and one-half of which is not?
No.
No.
It would seem that Chapter 39, Article 21, R.R.S. 1943, having to do with functional classifications, is determinative of these questions. To begin with, Section39-2125, R.R.S. 1943, provides:
 "Sections 39-2101 to 39-2125 shall be construed as an independent act, complete in itself, and in the event of conflict between any provisions of Sections 39-2101 to 39-2125 and any other statutes, the provisions of Sections 39-2101 to 39-2125 shall control."
Section 39-2102, R.R.S. 1943 provides, in part:
 "* * * Rural highways shall consist of all public highways and roads outside the limits of any incorporated municipality and municipal streets shall consist of all public streets within the limits of any incorporated municipality."
Section 39-2103, R.S. Supp. 1976 provides six functional classifications for rural highways, and Section39-2104, R.R.S. 1943 provides six functional classifications for municipal streets. Section 39-2106, R.R.S. 1943, provides, in part:
 "* * * (2) The various counties shall have the responsibility for the design, construction, reconstruction, maintenance, and operation of all roads classified as other arterial, collector and local under the rural highway category; and
 (3) The various incorporated municipalities shall have the responsibility for the design, construction, reconstruction, maintenance and operation of all streets classified as expressway which are of a purely local nature, that portion of municipal extensions of rural expressways and major arterials which exceeds the design of the rural portions of systems, and responsibility for those streets classified as other arterial, collector and local within their corporate limits."
Section 39-2110, R.R.S. 1943, then provides:
 "Following the adoption and publication of the specific criteria required by Section 39-2109, the Department of Roads, after consultation with the appropriate local authorities in each instance, shall assign a functional classification to each segment of highway, road and street in this state. * * *"
A check with the Department of Roads reveals that such assignments have been made in the City of York and in York County, both of which have signed as being in agreement with those assignments. The segment in question is assigned to the municipal streets category with the classification of other arterial. Therefore, it would appear that the responsibility for this segment of road, both that portion entirely within the city limits, and that portion which is on the city limits boundary line is, pursuant to this assignment, controlled by Subsection 3 of Section 39-2105 and, thus, the responsibility of the city.
While, as pointed out, it is provided that this article shall take precedence over conflicting sections, it is believed that there is really no conflict with other parts of the statutory law.
Section 39-1803, R.R.S. 1943 provides that when the boundary line of an incorporated city extends in and along a public road which has not been paved or macadamized, that the county board is authorized to maintain and repair the full width of the road and to pay the cost and expense of the maintenance so long as said road remains unpaved. This would appear to imply a legislative intention that the converse is also applicable and that the county is not authorized to expend money to pave such a road.
This would appear to be confirmed by Section 39-2402, R.S. Supp. 1977, which provides that the highway allocation fund shall be distributed between the Department of Roads, the various counties for road purposes and the various municipalities for street purposes.
Section 77-1605.01, R.R.S. 1943 provides that the county may levy a property tax for the construction or improvement of any of the county roads within the respective counties. The Section also says:
 "The funds raised by such special levy may be used by the county independently or for cooperative projects with the government of the United States or with any political or governmental subdivision of a state. Such funds shall be used for necessary road and bridge purposes."
Section 77-1605.03 provides that any political or governmental subdivision of the state having funds which may be used lawfully for a road purpose may, unless otherwise provided by law, use such funds either independently or for cooperative projects with the government of the United States or with any political or governmental subdivision. It should be noted that these sections provide for cooperative projects. It does not appear that the words `cooperative projects' constitute an authorization for one entity to spend its money to do the project of another entity.
It is also interesting to note that Section 39-1644, R.R.S. 1943, dealing with the county road improvement districts provides in part:
 "The district shall not include any lands located within a village or city."
On the other hand, Section 39-1721, R.R.S. 1943 provides that county and township roads that lie within the limits of an incorporated municipality shall confirm to the direction and grade and be subject to the regulations of other streets in the municipality. If, however, this constitutes a dichotomy of authority, we believe that it is resolved by what has previously been said about cooperation between governmental bodies, which would appear to be further confirmed by the language of Section 39-2114, R.R.S. 1943, which provides:
 "In order to achieve the efficiencies and economics resulting from unified operations, the Legislature encourages the counties and municipalities to make use of the Interlocal Cooperation Act by contracting between and among themselves for cooperative programs of administering all phases of their roads and street programs. Any such contract shall be filed with the Board of Public Roads Classifications and Standards."
The Interlocal Cooperation Act starts out, in Section23-2201, R.R.S. 1943, with the statement that its purpose is to allow local governmental units to cooperate on a basis of mutual advantage. This, we believe, tends to confirm the conclusion that the cooperation encouraged in the foregoing statutes has to do with cooperation as to planning, administering and otherwise jointly furthering a project in which both governmental entities are interested, and not with one entity doing a project for another. We tend to believe that, because of the specificity of the foregoing statutes such as Sections 39-1803 and 77-1605.01, the county should probably not participate in any way in the paving of these city streets without being fully reimbursed by the city.